UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVEN G. HUGHES, TDOC #123954 | ) | |
| | ) | |
| v. | ) | No. 2:06-CV-127 |
| | ) | |
| HOWARD CARLTON, Warden | ) | |

## **MEMORANDUM OPINION**

In 1994, pursuant to his guilty pleas, petitioner Steven G. Hughes was convicted in the Criminal Court for Cocke County, Tennessee of four counts of aggravated robbery and two counts of aggravated assault. Now serving an effective fifty-year term of imprisonment for those offenses, petitioner brings this *pro se* application for a writ of habeas corpus, 28 U.S.C. § 2254, attacking the legality of his confinement under the state court judgment. [Doc. 3]. Respondent has filed a motion to dismiss the application as untimely and petitioner has responded in opposition. [Docs. 5, 8]. For the reasons which follow, the motion will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("the AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244. The statute begins to run, as relevant here, from the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The time is tolled,

however, during the pendency of a properly filed application for state post-conviction or other collateral relief. 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on January 11, 1994. On appeal, the conviction was affirmed, but the sentence was vacated, and the case was remanded for resentencing. *State v. Hughes*, No. 03C01-9405-CR-00188, 1996 WL 55654 (Tenn. Crim. App. Feb. 12, 1996). Resentencing occurred on September 30, 1996, and no further appeals were taken. Therefore, the conviction and judgment became final on October 30, 1996, upon the lapse of the time for seeking an appeal. *State v. Green*, 106 S.W.3d 646, 650 (2002) (A judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence.).

On that date, the AEDPA's one-year clock started ticking. It continued to tick for 365 days and would have expired on October 30, 1997. This § 2254 petition was filed under the "mailbox rule" on June 8, 2006[1]—some eight years and seven months after the lapse of the statute of limitations. However, as noted, § 2244(d)(2) contains a tolling mechanism which stops the statute from running during the pendency of a properly filed post-conviction or collateral review proceeding.

---

[1] The "mailbox rule" as recognized in *Houston v. Lack*, 487 U.S. 266, 270 (1988), deems a pleading to be filed on the date that it is handed to prison officials for mailing. The face of the envelope containing the instant petition reflects that it was passed to the prison authorities for mailing on June 8, 2006.

The record shows that petitioner filed an ultimately unsuccessful application for state habeas corpus relief on November 30, 2001. [Doc. 5, Attach. No. 3, *Hughes v. State*, No. E2002-00755-CCA-R3-PC (Tenn. Crim. App. Jan. 29, 2003) (unpublished order)]. A second state habeas corpus action, filed on May 16, 2003, was equally unsuccessful. [*Id.*, Attach. No. 4, *Hughes v. State*, No. E2004-02473-CCA-R3-HC, 2005 WL 936899 (Tenn. Crim. App. Apr. 22, 2005), *perm. app. denied* (Tenn. Oct. 24, 2005). The filing of the state habeas corpus petitions does not toll § 2244(d)'s one-year period because, by the time those petitions were filed, the AEDPA's statute of limitations had long since lapsed and there was nothing left to toll.

As the Court understands petitioner's argument, he is asserting that his § 2254 petition is not time barred because there is no statute of limitations governing the filing of a state habeas corpus action under Tennessee law and because his state court habeas actions were both timely and properly filed, as required to trigger tolling under § 2244(d)(2). The Sixth Circuit has addressed a similar argument with respect to an Ohio state court remedy, which, like a habeas corpus petition under Tennessee law, has no time-constraints on filing:

> "[The state remedy] can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until [the state remedy] was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for [the state

3

> remedy], a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result."

*Lopez v. Wilson*, 426 F.3d 339, 348 (6th Cir. 2005). The Sixth Circuit rejected petitioner's argument in *Lopez*, and this Court follows suit with respect to this one.

Petitioner also points out that he was required to exhaust his available state remedies prior to filing his § 2254 petition, implying, perhaps, that the statute should be tolled on this basis. Unfortunately for petitioner, the Sixth Circuit has rejected this argument also. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (the AEDPA's statute of limitations begins to run on the date a state inmate's direct appeal becomes final, not on the date on which petitioner exhausts all of his state post-conviction remedies). This Court likewise rejects the argument made here.

Accordingly, because the statute of limitations in petitioner's case expired on October 30, 1997, and because this § 2254 application was filed more than eight and one-half years later, on June 9, 2006, it is untimely.

Finally, for reasons contained in this memorandum, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling as to the timeliness of the petition. *Slack v. McDaniel,* 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Therefore, the Court will

4

**DENY** issuance of a certificate of appealability, 28 U.S.C. § 2253; Fed. R. App. P. 22(b); **GRANT** respondent's motion to dismiss; and **DISMISS** the petition as time-barred under § 2244(d).

A separate order will enter.


**ENTER**:


s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE